Wardlaw, J.
dissenting. I cannot reach the. conclusions which my brethren have attained in this case.
The delivery of a delivery order (even one which, like Hilliard’s to Smith, does not specify the exact articles to be delivered, or the person to whom the delivery is to be made,) may, as a symbolical delivery, be sufficient to complete a sale: but without actual execution of the order, by the wharfinger’s delivery of the articles, or a transfer in the wharfinger’s books, or some other distinct act acknowledging possession to be in the vendee, cannot, as I think, serve to arrest the much favored right of stoppage in transitu, where no right in a third person has accrued from the symbol of ownership being placed in the hands of the vendee. Here Frazer & Co. bought from Smith entirely upon Smith’s representations, without any information of the dealings between Hilliard & Smith: indeed, the order of H. to S. had not then been given — and when Hilliard took that order from the file, Frazer & Co. had never heard of it, and there is no evidence that H. had heard of any dealings between them and Smith.
In trover, the plaintiff must recover for the conversion of specific chattels. By selling the 290 bales before they had a right, to do so, the plaintiffs may have subjected themselves to the risk of accounting to Smith for any loss thereby occasioned to him, but (assuming that, as mortgagees, they could not be damnified beyond the amount of the debt secured to them,) I think it strange that they should, in the pursuit of 31 specific bales, be held to account not for what the 290 bales of the specific lot actually brought, but for what other 290 bales, sold at the proper time, would have brought. Smith expressed dissatisfaction with the sale, but directed no repurchase.
I desire not to argue the questions, but only to indicate the grounds pf my dissent.

Motion refused.